**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS, LLC,** | |
| Plaintiff, | **CASE NO.** |
| v. | **PATENT CASE** |
| **BMO HARRIS BANK N.A.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST BMO HARRIS BANK N.A.**

Plaintiff Unified Messaging Solutions LLC ("Unified Messaging") files this Complaint against BMO Harris Bank N.A. ("Defendant") for infringement of U.S Patent Nos. 6,857,07 (hereinafter "the '074 patent"), 7,836,141 (hereinafter "the '141 patent"), 7,895,306 (hereinafter "the '306 patent), 7,895,313 (hereinafter "the '313 patent), and 7,934,148 (hereinafter "the '148 patent").

## THE PARTIES

1.      Unified Messaging is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      BMO Harris Bank N.A. ("BMO Harris") is an Illinois corporation with its principal place of business in Chicago, Illinois.  BMO Harris does business in the State of Illinois and in the Northern District of Illinois.

## JURISDICTION AND VENUE

3.     Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.     The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.  The United States District Court for the Northern District of Illinois has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

5.     Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant has committed acts of infringement in the Northern District of Illinois, has purposely transacted business in the Northern District of Illinois, and/or has a regular and established place of business in the Northern District of Illinois.  Venue is proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6.     Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the due at least to its substantial business in Illinois and the Northern District of Illinois, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Illinois residents.  With regards to pretrial proceedings, Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

7.      Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

8.      Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '074 patent is attached as Exhibit A.

9.      The '074 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     Defendant has directly infringed and continues to directly infringe one or more claims of the '074 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of their respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

11.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count I.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

12.     Unified Messaging incorporates paragraphs 1 through 11 herein by reference.

13.     Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

14.     The '141 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '141 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 21, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

16.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count II.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

17.     Unified Messaging incorporates paragraphs 1 through 16 herein by reference.

18.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '306 patent is attached as Exhibit C.

19.     The '306 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

20.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '306 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 5, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

21.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count III.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

22.     Unified Messaging incorporates paragraphs 1 through 21 herein by reference.

23.     Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '313 patent is attached as Exhibit D.

24.     The '313 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

25.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '313 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 10, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its respective web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

26.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count IV.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

27.     Unified Messaging incorporates paragraphs 1 through 26 herein by reference.

28.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue, and recover damages for past and future infringement.  A true and correct copy of the '148 patent is attached as Exhibit E.

29.     The '148 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

30.     Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '148 patent in the Northern District of Illinois and elsewhere in Illinois and the United States, including at least claim 1, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of its web-based communications service(s), including webmail services, accessible via its website(s) and/or its messaging/mail/web server(s).

31.     Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count V.  Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the United States District Court for the Northern District of Illinois under 35 U.S.C. § 284.

### ILLUSTRATIVE INFRINGEMENTS

32.    Unified Messaging incorporates paragraphs 1 through 31 herein by reference.

33.    Defendant has committed direct infringement as alleged in Counts I through V, at least through operation of its "My Bank" feature accessible at least through its website, www.bmoharris.com.  Specifically, these features infringe at least claims 1, 2, 4, and 26 of the '074 patent.  These features also infringe at least claims 21, 24, and 29 of the '141 patent.  These features also infringe at least claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent.  These features also infringe at least claims 5, 25, 37, and 40 of the '306 patent.  These features also infringe at least claims 10 and 11 of the '313 patent.

34.     In the alternative, Defendant has committed indirect infringement as alleged in Counts II through V through its inducing and/or contributing to the infringements of its users via the "My Bank" feature.  Defendant has possessed knowledge of the '141 patent, the '306 patent, the '313 patent and the '148 since at least the service of this complaint.  Since at least the service of this complaint, Defendant has known or should have known that its actions would induce or contribute to actual infringement by its users.  Since at least the service of this complaint, Defendant has specifically intended for its users to use the "My Bank" feature in a manner that infringes at least claims 21, 24, and 29 of the '141 patent, claims 1, 7, 39, 90, 91, 140, and 147 of the '148 patent, claims 5, 25, 37, and 40 of the '306 patent, and claims 10 and 11 of the '313 patent by instructing and/or encouraging the users to use the "My Messages" features.

35.    On information and belief, Defendant has possessed knowledge of the '074, '141, '306, '313, and '148 patents since at least the service of this complaint and, on information and belief, Defendant has continued to infringe the '074, '141, '306, '313, and '148 patents despite

an objectively high likelihood that its actions constitute infringement of the '074, '141, '306, '313, and '148 patents and a subject knowledge or obviousness of such risk.

36.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court presiding over this matter find in its favor and against Defendant, and that the Court presiding over this matter grant Unified Messaging the following relief:

a.     Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Judgment that Defendant account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendant's infringing activities and other conduct complained of herein;

c.     Judgment that Defendant account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d.     That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e.     That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  January 14, 2013**                                   Respectfully submitted,

/s/ Timothy E. Grochocinski
Timothy E. Grochocinski
Illinois State Bar No. 6295055
INNOVALAW, P.C.
1900 Ravina Place
Orland Park, IL 60462
(708) 675-1974
teg@innovalaw.com

Edward R. Nelson, III
Texas State Bar No. 00797142
Lead Counsel
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
Jonathan H. Rastegar
Texas State Bar No. 24064043
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net
jrastergar@nbclaw.net

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**